UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK GRAVES,

    Movant,

v.

                                            File No. 1:13-CV-378

UNITED STATES OF AMERICA,              HON. ROBERT HOLMES BELL

    Respondent.
_____/

## **OPINION**

    This matter is before the Court on Movant Derrick Graves' pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 1). The government filed a response to this motion (ECF No. 7).

    For the reasons that follow, having fully considered the briefs and affidavits, the Court denies the motion under 28 U.S.C. § 2255 and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

## I.

    On May 25, 2011, Movant was indicted on nine counts including, *inter alia*, possession of a firearm by a convicted felon. (Indictment 21, No. 1:11-CR-160, ECF No. 1.) On July 28, 2011, Movant pleaded guilty to possession of a firearm by a convicted felon; there was no written plea agreement. (Mins. Change of Plea, No. 1:11-CR-160, ECF No. 73.) On November 8, 2011, Movant was sentenced to 200 months imprisonment. (Mins. of Sentencing, No. 1:11-CR-160, ECF No. 97.)

Movant filed a Notice of Appeal and argued that "the district court's failure to address directly his argument for imperfect entrapment means that the court did not consider it." *United States v. Taylor*, 696 F.3d 628, 634 (6th Cir. 2012). On October 22, 2012, the Court of Appeals rejected Movant's argument and affirmed the sentence. *Id.* at 635. Movant timely filed the § 2255 motion on April 8, 2013. (Mot. 1, ECF No. 1.)

## II.

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). The argument of entrapment is a defense based on statutory interpretation and is therefore a non-constitutional claim. *See Sosa v. Jones*, 389 F.3d 644, 647–49 (6th Cir. 2004) (holding habeas petition could not be based on entrapment claim because entrapment is not a constitutional claim) (citing *United States v. Russell*, 411 U.S. 423 (1973); *Sorrells v. United States*, 287 U.S. 435 (1932)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)

(quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

The general rule is that claims not raised on direct appeal are procedurally barred from being raised on collateral review unless the petitioner shows cause and prejudice, *Massaro v. United States*, 538 U.S. 500, 504 (2003), or that Movant is "actually innocent." *Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (internal quotations omitted). Claims of ineffective assistance of counsel are an exception to this general rule. Such claims "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999)). Ineffective assistance of counsel can be "cause for procedural default." *Murray*, 477 U.S. at 488.

To establish ineffective assistance of counsel, Movant must show both deficient performance by his counsel and prejudice resulting therefrom. *See Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (citing *Knowles v. Mirzayance*, 566 U.S. 111 (2009)). To establish deficient performance, Movant must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 131 S. Ct. at 739 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). Additionally, "[s]trategic decisions made after a thorough investigation of the relevant law and facts are . . . 'virtually unchallengeable'." *Rayborn v. United States*, 489 F. App'x 871, 878 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 690). The defendant has no authority to "compel . . . counsel to press nonfrivolous points . . . if counsel, as a matter of

3

professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Movant's burden is to show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Premo*, 131 S. Ct. at 739 (quoting *Strickland*, 466 U.S. at 687).

The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Movant to meet because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *See Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)). As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim de novo, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740.

When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland* closely resembles the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see also United States v. Wynn*, 663 F.3d 847, 851 (6th Cir. 2011). The first prong of *Strickland* remains virtually the same. *Hill*, 474 U.S. at 58. The second prong—the "prejudice" requirement—focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. A movant must show a reasonable probability that, but for counsel's errors, he "would have insisted on going to trial." *Id*. Prejudice cannot be shown absent "any statement that [the movant] is actually innocent, or would have gone to trial if

4

his attorney's performance had been different." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998).

To demonstrate that he would have insisted on going to trial, Movant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *See Padilla*, 559 U.S. at 372. A plea of guilty is a rational decision if such is entered voluntarily and intelligently, *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005), as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970). The government bears the burden of showing that the defendant's plea was voluntary, intelligent, and knowing. *Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds by Bradshaw v. Stumpf*, 545 U.S. 175 (2005). This burden is "generally satisfie[d] . . . by producing a transcript of the plea proceeding." *Id.* To enter a knowing plea, the defendant must understand the true nature of the charge against him. *Id.* at 608.

In direct review of a federal guilty plea, "the issue of whether the plea was knowing and voluntary is reviewed de novo," while "the underlying factual bases . . . are reviewed for clear error." *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). The Constitution requires that the totality of the circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755. As the Sixth Circuit has stated, "[t]he decision to plead guilty—first, last, and always—rests with the defendant, not his lawyer." *Smith v. United States*, 348 F.3d 545, 552 (2003).

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28

U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. Additionally, Movant is procedurally barred from arguing the claim of entrapment in the first instance.

### III.

#### A.   Ineffective Assistance of Counsel

Movant argues that his defense counsel, Mr. Bartish, was constitutionally ineffective for "failing to raise [the issue of entrapment] during the plea agreement stage of the proceedings in order to remove the entrapment offense from the indictment and the triggering of the 4B1.4 enhancement rather than to attempt to raise the imperfect or sentencing entrapment issue that only considers whether the sentence was a reasonable sentence." (Mot. 5, ECF No. 1.)

Mr. Bartish did not provide constitutionally ineffective counsel. Movant, not his lawyer, made the decision to plead guilty. (Plea Tr. 41–43 No. 1:11-CR-160, ECF No. 105.) To the extent that Mr. Bartish advised Movant to plead, this does not affect the voluntariness of the plea because Mr. Bartish was acting competently after being made aware through discovery "of the facts the

government would prove if the case went to trial, including the recording of the transaction wherein [Movant] sold the revolver to the undercover police officer," (Resp. 30, ECF No. 7). There was no plea agreement in this case in which Mr. Bartish could have raised the issue of entrapment. (Resp. 30, ECF No. 7; Mins. Plea Agreement No. 1:11-CR-160, ECF No. 73.) Because Mr. Bartish was provided discovery, any decision he made as to whether to suggest proceeding to trial and whether to present an entrapment defense was clearly strategic and thus cannot be called into question by mere speculation that it may not have been the optimal strategy. *See Rayborn*, 489 F. App'x at 878. Movant offers no evidence that Mr. Bartish's strategic decisions were unsound, but merely states his retrospective displeasure with the decisions. (Mot.; Reply, ECF Nos. 1, 8.) Based on the uncontraverted evidence, Movant has not overcome the presumption that Mr. Bartish made a sound strategic decision of how best to proceed with the defense and therefore has not shown Mr. Bartish to have been constitutionally ineffective.

 Even if Mr. Bartish's representation of Movant did amount to constitutionally ineffective assistance of counsel, Movant cannot show prejudice by establishing that he would have insisted on going to trial or that he is actually innocent. The Plea Transcript clearly indicates that Movant understood the nature of the charge against him and that he voluntarily entered the guilty plea. (Plea Tr. 41–43 No. 1:11-CR-160, ECF No. 105.) Movant has not shown that his plea was based on his counsel's incompetent advise and is therefore involuntary. Additionally, Movant never claims that he would have insisted upon going to trial, nor can he demonstrate that, in light of the evidence against him at the time of his plea, insisting on going to trial would have been a rational decision. (Mot. 3–8; Resp. 23–30, ECF Nos. 1, 7.) There is nothing to suggest that constitutionally ineffective performance by Mr. Bartish affected the outcome of the plea process. Because Movant entered the

guilty plea knowingly and intelligently, the guilty plea was a rational decision. *See Bradshaw*, 545 U.S. at 183.

Additionally, Movant cannot claim actual innocence. While Movant now contends that he did not know with certainty that a gun was in the bag he delivered to the under-cover police officer, (Reply to Resp. 1, ECF No. 8), the record flatly contradicts this claim. Movant's own testimony at the plea hearing, in addition to the government's evidence, clearly establishes that Movant did know with certainty that a firearm was in the bag he sold to the under-cover officer. (Plea Tr. 45–49 No. 1:11-CR-160, ECF No. 105.) Additionally, Movant actually possessed the firearm by transporting it in a bag such that the firearm was "immediately accessible," and in his "immediate possession or control." *See United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007) (holding actual possession exists where defendant "holds," "holsters," or "keeps [the firearm] in a place where it is immediately accessible"). Nor can a claim of entrapment be used to establish Movant's actual innocence because entrapment "establishes only legal innocence, not factual innocence, and thus cannot establish actual innocence sufficient to overcome the procedural bar." *Bell v. Howes*, No. 07-14481-BC, 2008 WL 4852716, at *5 (E.D. Mich. Nov. 5, 2008). Therefore, Movant cannot establish that he was prejudiced by his allegedly constitutionally ineffective counsel.

Movant has satisfied neither prong of the *Strickland* test and therefore is entitled to no relief under § 2255 due to his trial attorney's decision not to raise an entrapment defense.

**B.     Entrapment**

Movant argues that he was entrapped by law enforcement officers and therefore his sentence should be modified. Movant failed to raise the issue of entrapment on appeal. *Taylor*, 696 F.3d at 634. Therefore, Movant is procedurally barred from raising the issue in a § 2255 motion unless he can establish cause and prejudice, or that he is actually innocent. *Massaro*, 538 U.S. at 504; *Bousley*, 118 S.Ct. at 1611.

Movant cannot surmount the procedural bar preventing him from arguing entrapment in the first instance. Movant has presented no alleged causes for the default other than constitutionally ineffective assistance of counsel. As the Court found *supra*, Movant has not established that Mr. Bartish provided constitutionally ineffective assistance of counsel and therefore has established no cause for the procedural default. Even assuming that such cause had been established, Movant has not established that he would have insisted on going to trial and thus has established no resulting prejudice. Finally, Movant is not able to establish actual innocence because the record clearly states that he was in fact a felon in possession of a firearm and the claim of entrapment can only establish legal innocence, not actual innocence. (Plea Tr. 45–48 No. 1:11-CR-160, ECF No. 105); *Bell*, No. 07-14481-BC, 2008 WL 4852716, at *5.

Movant has established neither cause and prejudice nor actual innocence and is therefore procedurally barred from litigating entrapment in the first instance.

**IV.**

Having determined that the Court cannot grant the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon Movant, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310

F.3d 900, 901–03 (6th Cir. 2002).

A certificate of appealability should issue if Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment debatable or wrong. Therefore, the Court denies Movant a certificate of appealability as to each issue presented.

## V.

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue. Additionally the Court finds that Movant is procedurally barred from litigating the claim of entrapment in the first instance.

The Court will issue a Final Order and Judgment consistent with this opinion.


Dated: June 11, 2014                            /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE